

**FILED & ENTERED**

**AUG 23 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Cetulio    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Edwin Perry Hinds<br><br><br><br>Debtor(s).<br>_____<br><br>Lon B. Isaacson Associates and Lon B. Isaacson<br><br>Plaintiff(s),<br>v.<br><br>Edwin P. Hinds, et. al<br><br><br><br><br>Defendant(s). | CHAPTER 7<br><br>Case No.:  1:06-bk-12243-GM<br>Adv No:     !:07-AP-01042<br><br>**MEMORANDUM GRANTING MOTION TO CLARIFY THE ORDER FOR IMMEDIATE TURNOVER OF FUNDS TO THE TRUSTEE**<br><br>Date:         August 21, 2018<br>Time:         10:00 AM<br>Courtroom: 303 |

      The Trustee obtained a turnover order on January 8, 2009 in the now-closed adversary proceeding (1:07-ap-01042).  The Order is titled as being against Lon B. Isaacson Associates.  The Trustee wants to clarify that the order is actually against both

-1-

Lon B. Isaacson (individually) and the law firm of Lon B. Isaacson Associates [jointly "the Isaacson Parties"]. The facts are that Isaacson individually and Isaacson Associates had a state court judgment against the Debtor.  After the Debtor filed bankruptcy, the Isaacson Parties brought the adversary action to deny discharge under §727.  The Debtor agreed to pay the Isaacson Parties $100,000 in satisfaction of the state court judgment and a settlement of the §727 adversary proceeding.  On behalf of the Debtor, third parties or other defendants in the action, paid the money and the money was being held in the Isaacson firm trust account.

The motion asserts that the bankruptcy court did not approve the settlement and granted summary judgment under §727(a)(2) and ordered the "Isaacson Parties" to turn over the $100,000 to the Trustee.  The judgment is final and the money has not been turned over.

The Trustee wants to clarify that the January 9, 2009 Order applies to both the individual and the law firm and then wishes the court to issue an abstract of judgment or a writ of execution against Lon B. Isaacson, the individual.

In 2012, Mr. Isaacson was disbarred, in part because his client trust account was short almost $89,000.  In pursuing a claim with the State Bar of California Client Security Fund, the Trustee determined that the order needs to be clarified as to who exactly was ordered to turn over funds upon the entry of judgment.  This motion is to clarify that.

Opposition

Mr. Isaacson opposes this motion.  He and his law firm obtained a 2006 state court judgment against Hinds for $226,000+ for unpaid attorney fees and costs of collection.  The turnover order was only as to Lon B. Isaacson Associates, an Affiliation including a Professional Law Corporation, not against Lon B. Isaacson personally.  This was 9 years ago.  The Isaacson Firm gave the Trustee an itemized list of services

performed - over $100,000 of professional time was expended in obtaining the $100,000 settlement.

He states that the shortfall in the client trust account probably did not occur. He goes on to argue "that if the Court fixes an equitable legal fee for the professional services which Isaacson Associates performed in achieving the $100,000 settlement, this matter will resolve quickly and to the benefit of all parties."

Isaacson then goes on to argue that his firm is entitled to a 50% contingency fee for the work done to collect the $100,000. He asks that this be mediated.

Reply

The Court should strike and disregard the settlement communications (ex. B, C, and D).

It is proper to use Rule 60 to clarify the prior court order to determine whether it applies to the individual as well as the law practice. It is a mere clerical error to name the adversary plaintiffs jointly in some parts of the turnover order and individually in other parts.

Whether Isaacson incurred legal fees to obtain the settlement funds is irrelevant since he was never employed on behalf of the bankruptcy estate. The Trustee has reason to believe that Isaacson personally has possession of the $100,000.

The delays in going forward to collect were due to Isaacson's actions and inactions and failure to communicate. Further, it was economically better to put a claim in to the Client Security Fund.

Analysis and Ruling

The Trustee is correct as to the settlement discussions and that Isaacson is not entitled as a matter of law for any compensation for obtaining the $100,000.

On March 2, 2007, Lon B. Isaacson Association, an Affiliation Including a Professional Law Corporation (Isaacson Association) and Lon B. Isaacson (Mr.

Isaacson) filed an adversary complaint against Edwin Hinds and others to bar discharge and void deeds of trust (1:07-ap-01042 or adversary or adversary proceeding).  This was based on a superior court judgment.

There was a motion for summary judgment brought by Mr. Isaacson and by Isaacson Association (adversary dkt. 8), which the Court intended to grant (adversary dkt. 20).  But this was delayed since the parties to the adversary proceeding were discussing settlement.  Because this was a settlement of a §727 complaint, the Court required notice to the chapter 7 Trustee, among others.  In the order of the Court setting the hearing on the settlement agreement, the Court states that "[m]y review of this settlement agreement is that it is solely for the benefit of Lon B. Isaacson Associates. ... Lon B. Isaacson Associates is listed a [sic] disputed secured creditor.  According to the claims register, eight claims have been filed with $105,000 in unsecured amounts with the Lon B. Isaacson Associates claim as the sole secured claim in the amount of $269,913.34." (adversary dkt. 20, p. 4-5).  The actual settlement agreement was faxed to chambers on my request and no copy of the settlement agreement is on the docket.

The Order that the Trustee wishes to clarify is entitled "Order that Lon B. Isaacson Associates Immediately Turnover ...."  (adversary dkt. 21)   It starts by stating that a "complaint was filed by Lon B. Isaacson Associates et. al. against debtor...." "Upon review of the settlement agreement, the Court found that the debtor agreed to pay Lon B. Isaacson $100,000 (which has been paid into Isaacson's Trust Account), to settle the indebtedness owed to Isaacson, who had obtained a Superior Court judgment in the amount of $107,969.16 plus interest." "No appearance [at the hearing] was made on behalf of Lon B. Isaacson Associates."

The Order concludes: "... the Court hereby orders that the settlement funds are to be turned over by Lon B. Isaacson Associates...."

On February 2, 2009, the Isaacson Parties filed an emergency motion for an extension of time to file an appeal and other matters.  This began: "Plaintiffs Lon B. Isaacson and Lon B. Isaacson Associates, An Affiliation including a Professional Law

Corporation ("Plaintiffs") hereby requests that the Court, on an emergency basis, shorten time to hear their Motion ...." (adversary dkt. 22). The actual motion is also brought in the name of Mr. Isaacson and Isaacson Association. (adversary dkt. 23).

On February 2, 2009, a notice of appeal was filed by "Lon Isaacson, individually & Lon B. Isaacson Assoc." to the January 8, 2009 Order (adversary dkt. 24)

The Isaacson Parties also filed a notice of appeal of the denial of the motion to extend time to appeal (adversary dkt. 28), which states: "Please take notice that the petitioners Lon B. Isaacson and Lon Isaacson Associates, An Affiliation Including a Professional Law Corporation hereby file their notice of appeal ...."

It should be noted that the underlying judgment was on behalf of Lon B. Isaacson and the Law Firm of Lon B. Isaacson Associates. (this motion p. 52).

However, the proof of claim was filed solely by Isaacson Associates, even though the attached judgment was on behalf of both Mr. Isaacson and Isaacson Associates (1:06-bk-12243, claim 5-1).

The question is whether the Court intended to limit its turnover order to Isaacson Associates. After the hearing on August 21, 2018, I listened to the recording of the January 7, 2009 hearing. It is clear that it was my intent that Mr. Isaacson turn over the money, which I believed to be in the Isaacson Trust Account under his control. In fact, I stated at one point that "if Mr. Isaacson does not turn it over…."

I drafted the order and did not make it specific enough. It was my intent that Mr. Isaacson was responsible to turn over the money to the Trustee. It is clear that Mr. Isaacson knew that he was also the intended target of this turnover order, thus appealing and bringing a motion on his own behalf as well as that of Isaacson Associates. The reason that the Order was directed to Isaacson Associates alone was because the motion stated that Mr. Isaacson had received the money, but that he had put it in his law firm's client trust account. At the 2009 oral argument the movant stated that Mr. Isaacson was holding the money in trust. Thus, to the extent that the money was there, the order was for the law firm to turn it over. But it certainly was the intent

that if the money was no longer in the trust fund, it was Mr. Isaacson's responsibility to pay $100,000 to the Trustee.

This motion is brought under FRCP 60(a), applicable to bankruptcy cases through FRBP 9024. The Order entered on January 9, 2009 is to be amended to correct the clerical error of failing to identify Mr. Isaacson personally.

As for the request for an abstract of judgment and a writ of execution, the Trustee may submit those forms to the clerk's office in the normal manner.

Mr. Isaacson's request for a setoff of fees is denied. He was never employed by the Court.

###

Date: August 23, 2018

Geraldine Mund
United States Bankruptcy Judge